UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Frierson-Bey, #13418-050, ) | C/A No. 3:05-2244-GRA-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| John LaManna, Warden, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## BACKGROUND OF THIS CASE

The petitioner is a federal inmate at FCI-Edgefield. He is serving a 249-month sentence for violating sections of the United States Code. Petitioner's conviction and sentence were entered in the United States District Court for the Southern District of Georgia for the commission of eleven (11) bank robberies, two of which occurred in the Southern District of Georgia. With petitioner's consent, the other nine (9) bank robberies were also "handled" in the Southern District of Georgia. A District of Delaware indictment contained a separate count for the offense of using and carrying a firearm during a crime of violence. According to the petition, the sentencing court "...applied this (the separate count) and other enhancements on all remaining counts." The petitioner did not appeal his sentence to a Circuit Court. He alleges he filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) which was denied by the District Court. The petitioner appealed the denial of his motion to the Court of Appeals for the Eleventh Circuit. The Eleventh Circuit affirmed the District Court's denial of the motion.

In the § 2241 petition the petitioner raises two (2) grounds. Specifically, the petitioner contends: **(1)** petitioner's sentence was enhanced in violation of the Sixth Amendment; and **(2)** "application of the law

1

must be applied retroactively." In short, he claims the enhancements he received violate the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 2004 WL 1402697, 542 U.S. 296 (June 24, 2004), and United States v. Booker, 125 S.Ct. 738, 160 L.Ed2d 621 (January 12, 2005).

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Triestman v. United States, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See* In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080, (7th Cir.1994). Since the petitioner is seeking relief from his conviction and sentence, the relief requested

3

by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See* United States v. Morehead, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement". Dumornay v. United States, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". Dumornay, *supra, citing* United States v. Addonizio, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". Dumornay, *supra, citing* Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied,* 377 U.S. 980 (1964). If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective. Williams, *supra*.

The petitioner relies on Apprendi v. New Jersey, 530 U.S. 466 (2000):

> * * * Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

Since the United States Supreme Court did not hold that its decision in Apprendi is retroactive, the

above-captioned case would be controlled by In Re Vial, 115 F.3d 1192, 1194-1198 (4th Cir. 1997)(*en banc*). In that matter, the Fourth Circuit determined that the decision of the United States Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) did not establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" within the meaning of 28 U.S.C. § 2255. In reaching this conclusion, the Fourth Circuit noted that "...the Bailey Court clearly considered itself to be engaged in statutory construction...". Vial @ 1195. The Fourth Circuit stated that "the decision of the Supreme Court in Bailey did not announce a new rule of constitutional law and accordingly may not form the basis for a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255." Vial @ 1195.

In addition, the Fourth Circuit held that Bailey, *supra*, had not been made "retroactive to cases on collateral review". Citing § 2255, the Fourth Circuit stated that any other reading of the statute would be "contrary to the plain language of the AEDPA". The Court concluded that:

> a new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding. Because the Supreme Court has done neither with respect to the rule announced in Bailey, Vial would not be entitled to file a successive § 2255 motion based on Bailey even if it contained a rule of constitutional law.[2]

Vial @ 1196.

The same result would apply then, where one, such as the petitioner, seeks to attack collaterally his conviction and sentence under Apprendi and other cases. As earlier stated, the Supreme Court of the United

---

[2] The statute of limitations does not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Accordingly, the Fourth Circuit takes the position that as long as the Supreme Court has not yet ruled on the collateral availability of a rule, the limitations period does not begin to run.

States in Apprendi did not address the retroactivity issue. Thus, as in Vial, that opinion is not properly raised in a collateral attack by a prisoner, such as the petitioner, whose conviction was final when Apprendi was decided.

Similarly, the holdings in Blakely v. Washington, 2004 WL 1402697, 542 U.S. 296 (June 24, 2004), and United States v. Booker, 125 S.Ct. 738, 160 L.Ed2d 621 (January 12, 2005), do not help the petitioner. In Blakely, *supra*, the United States Supreme Court held that a state court's sentencing of defendant to more than three years above the fifty-three (53) month statutory maximum of the standard range for his offense, on basis of sentencing judges finding that defendant acted with deliberate cruelty, violated defendant's Sixth Amendment right to trial by jury). In Booker, *supra*, the United States Supreme Court held that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment and the Sixth Amendment requirement that a jury find certain sentencing facts was incompatible with the Federal Sentencing Act. In both cases, as in Apprendi, *supra*, the Court failed to make the these cases retroactive to cases on collateral review.

Finally, the petitioner's attention is directed to the decisions of the United States Court of Appeals for the Fourth Circuit in United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), *cert. denied*, Sanders v. United States, 534 U.S. 1032, 151 L.Ed.2d 445, 122 S.Ct. 573 (2001)[Table]; and San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), *cert. denied*, San-Miguel v. Dove, 537 U.S. 938, 154 L.Ed.2d 242, 123 S.Ct. 46 (2002), and *cert. denied*, Young v. Conley, 537 U.S. 938, 123 S.Ct. 46 (2002)[Table], both of which raised claims under Apprendi v. New Jersey, 530 U.S. 466 (2000). In Sanders, the Court of Appeals held that the new rule in Apprendi is not applicable to cases on collateral review. In San-Miguel, the Court of Appeals upheld this court's summary dismissal of a § 2241 action raising Apprendi claims. Collateral review in federal court includes habeas corpus actions under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 28

U.S.C. § 2254. Since the claims raised by the petitioner are indeed <u>Apprendi</u>-type claims, the petitioner's claims are not cognizable under 28 U.S.C. § 2241 under the holdings in <u>San Miguel</u> and <u>Sanders</u>. *Cf.* <u>United States v. Winestock</u>, 340 F.3d 200 (4th Cir. 2003), *cert. denied*, <u>Winestock v. United States</u>, 157 L.Ed.2d 395, 124 S.Ct. 496 (2003). Of course, the rules in <u>Vial</u>, <u>Sanders</u>, <u>San-Miguel</u>, and <u>Conley</u> may not be applicable in the Eleventh Circuit where petitioner should file his Section 2255 motion because he was convicted and sentenced in the Southern District of Georgia.

In any event, even if the petitioner could avail himself of Section 2241, the petition would be dismissed because the petitioner has not exhausted his administrative remedies. With respect to his conviction, a remedy under 28 U.S.C. § 2241 could be sought only after the petitioner has exhausted his administrative remedies. *See* 28 C.F.R. §§ 542.10 through 542.16; *See also* <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). In the instant case, the petitioner has not established, or even alleged, that he has exhausted his administrative remedies. Accordingly, the petition would be summarily dismissed in any event, without prejudice, so the petitioner could exhaust his administrative remedies.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return. *See* <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, <u>Allen v. Perini</u>, 400 U.S. 906 (1970)[Table]; <u>Toney v. Gammon</u>, 79 F.3d 693, 697 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); <u>Baker</u>

v. Marshall, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

                                              Respectfully submitted,

                                              Joseph R. McCrorey
                                              United States Magistrate Judge

August 30, 2005
Columbia, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina  29201
